## In re LOUISE COAL CORPORATION.
### No. 20147.

District Court, W. D. Pennsylvania.
April 21, 1938.

C. M. Christler, of Pittsburgh, Pa., for debtor.

Howard D. Montgomery, of Pittsburgh, Pa., for judgment creditor.

SCHOONMAKER, District Judge.

Gilbert E. Morcroft, Administrator of the Estate of David Hum, Jr., a judgment creditor of debtor, has moved to dismiss the petition for reorganization of debtor under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, on the ground that this court is without jurisdiction for the reason that the debtor is a West Virginia corporation; its property and principal place of business is at Louise, Brooke County, West Virginia; and it has no office or principal place of business in Pennsylvania, except that for convenience of its officers, it keeps some of the books of the company at No. 600 Grant Street, Pittsburgh, Pa.

Debtor has answered this petition to dismiss, admitting that it is a West Virginia corporation, and that its mine-properties are in West Virginia; averring that for over six months preceding the filing of its reorganization petition, its principal office. and place of business was at No. 600 Grant Street, Pittsburgh, Pa.

On hearing of this petition and answer, we find debtor is a West Virginia corporation; by its charter, it fixed its office and principal place of business at Louise, Brooke County, West Virginia; but more than six months before the filing of the petition for reorganization, the debtor, by resolution of its directors, fixed Pittsburgh, Pennsylvania, as the principal office of the corporation. This resolution was in the following language:

"Resolved: That the principal office of this corporation be maintained in Pittsburgh, Pennsylvania, and further

"Resolved: That the corporation may maintain one office in Pittsburgh, and one office in Wellsburg, West Virginia, and that the Pittsburgh office until further action of this board, shall be designated as the principal office of the Corporation; although meetings of the stockholders and Board of Directors may be held at either office of the Corporation."

This resolution was adopted under the provision of Section 3033(21) of the West Virginia Code (1937), authorizing West Virginia corporations to keep the principal office of the corporation either in or out of the state. However, this resolution does not seem to have been followed by any amendment to its charter filed in the office of the Secretary of State of West Virginia, which we would consider a requisite condition precedent to a complete change in the location of the principal office of the debtor-corporation.

By Section 77B(a) of the Bankruptcy Act, 11 U.S.C.A. § 207(a), debtor's petition may be filed with the court in whose territorial jurisdiction the corporation, during the preceding six months or a greater portion thereof, has had its principal place of business, or its principal assets, or in any territorial jurisdiction in which it was incorporated. In our opinion, debtor's petition should have been filed in the United States District Court for West Virginia; and these proceedings will be transferred there, if debtor so petitions. Otherwise, the petition in this case will be dismissed.